IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                           CIV 07-0882 MCA/WPL
                                              CR 02-0365 MCA

BENITO MARTINEZ, JR.,

      Defendant,

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's response to the order entered on October 3, 2007, which directed him to show cause why his § 2255 motion should not be dismissed as untimely. In his response, Defendant asserts that the United States District Court for the District of Columbia erroneously recharacterized his § 2241 petition as a motion to vacate, set aside, or correct sentence under § 2255. The recharacterization also allegedly caused the delay that now threatens to bar the motion as untimely. Defendant argues that the motion should be recharacterized as a § 2241 petition, thus allowing him to prosecute his claim that the Court lacked subject matter jurisdiction of the criminal proceeding.

      In his petition Defendant asserts that the Court did not have subject matter jurisdiction of the criminal proceeding. Relief on this claim, if available, must be pursued under 28 U.S.C. § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). And Defendant's failure to timely file a § 2255 motion does not render the remedies under § 2255 inadequate or

ineffective. *See United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **2 (10th Cir. Dec 13, 1999). The Court will not recharacterize Defendant's motion as a § 2241 petition.

Defendant makes a two-part argument that his motion is timely. First, he asserts that his motion "can be made at any time." He bases this argument on case law predating enactment of the limitation period in § 2255. *See Heflin v. United States*, 358 U.S. 415, 416 n.4 (1959). In 1996, Congress enacted a one-year limitation period for motions under § 2255. *See* § 2255. As a result, after a defendant's conviction becomes final, a delay of more than a year in filing under § 2255 may preclude consideration of the motion. *Cf. United States v. Simmonds*, 111 F.3d 737, 745-46 (10th Cir. 1997). This argument provides Defendant no relief.

Secondly, Defendant argues that delays by the Courts in adjudicating his § 2241 petition allowed the one-year limitation period to expire. To the contrary, as noted in this Court's order of October 3, 2007, Defendant executed his § 2241 petition on January 4, 2007, and filed it on January 16, 2007, more than a year after his conviction became final. The petition, subsequently construed as a § 2255 motion, was untimely when it was initially filed.

IT IS THEREFORE ORDERED that Defendant's petition for writ of habeas corpus (CIV Doc. 1; CR Doc. 117), originally filed in the United States District Court for the District of Columbia on January 16, 2007, and properly construed by that court as a motion under 28 U.S.C. § 2255, is DISMISSED with prejudice as untimely; and judgment will be entered.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE