IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENITO VICTOR MARTINEZ, JR.,

    Petitioner,

v.                                                               No. CIV 07-0882 MCA/WPL

FRANSICO J. QUINTANA,

    Respondent,

and

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                No. CR 02-0365 MCA

BENITO MARTINEZ, JR.,

    Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's second habeas corpus petition (CIV Doc. 22; CR Doc. 122) filed January 7, 2008. Defendant's first petition, which had been construed as a motion under 28 U.S.C. § 2255, was dismissed. In the captioned criminal proceeding, on September 2, 2003, this Court entered a sealed judgment on Defendant's conviction, followed by a sealed amended judgment on November 4, 2005. Defendant did not appeal his conviction or sentence.

      Defendant's petition asserts a number of claims. Defendant alleges that, as a result of procedural irregularities, Congress did not enact the statute that confers subject matter jurisdiction of criminal proceedings on the federal district courts. This Court therefore lacked jurisdiction of Petitioner's criminal case. He further alleges that, as a result of the jurisdictional defect, the

government came to his prosecution with unclean hands. Defendant also asserts that his attorney was ineffective for failing to raise the jurisdictional issue. And last, the Court allegedly enhanced Defendant's sentence based on facts not found by a jury.

The relief that Petitioner seeks by these arguments, if available, must be pursued under 28 U.S.C. § 2255. The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). Defendant's pro se characterization of his claims under "28 U.S.C. § 451 et seq." is not dispositive. *See Roman-Nose v. New Mexico Dep't. of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).

Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). In this circumstance,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). In light of the ruling in *Kelly*, the Court concludes that Petitioner should be notified of possible consequences if the Court were to recharacterize his petition as a § 2255 motion.

On the other hand, the Court is not required to recharacterize the petition. In *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005), the court noted that a district court does not abuse its discretion in declining to recast a pleading under § 2255 if the §

2255 motion would be untimely. *See also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (same where defendant had previously filed under § 2255). Approximately three years have passed since Defendant's judgment became final, *see* § 2255(f) (limiting time for filing motion under § 2255 to one year), and he has filed a prior § 2255 motion. The Court will decline to recharacterize his petition as a § 2255 motion. Because the relief sought by Defendant is available only under § 2255, the Court will dismiss the petition as presenting non-cognizable claims. *See* rules 1(b) and 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts; rules 1(a)(2), (3) and 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    IT IS THEREFORE ORDERED that Defendant's habeas corpus petition (CIV Doc. 22; CR Doc. 122) is DISMISSED with prejudice; and judgment will be entered.

    SO ORDERED this 7th day of October, 2008.

                                                          _____

                                             M. CHRISTINA ARMIJO  
                                             United States District Judge